John M. Griem, Jr.
CARTER LEDYARD & MILBURN LLP
Two Wall Street
New York, New York 10005
Tel: (212) 732-3200
griem@clm.com

Attorneys for Plaintiffs
BRB INTERNACIONAL S.A. and
APOLO FILMS SL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

BRB INTERNACIONAL S.A. and
APOLO FILMS SL,

                Plaintiff,

-against-

THE WEINSTEIN COMPANY LLC
                Defendant.

-------------------------------------------------------------- X

Civil Case No. _17 Civ. 2065_

**JURY TRIAL DEMANDED**

## COMPLAINT

BRB INTERNACIONAL ("BRB") and APOLO FILMS SL ("APOLO" and together with BRB, "Plaintiffs"), for their Complaint against THE WEINSTEIN COMPANY LLC ("Defendant" or "TWC"), hereby alleges as follows:

1

## **NATURE OF THE ACTION**

1. This is a civil action for breach of contract, quantum meruit, unjust enrichment, and replevin. On or about February 13, 2015, Plaintiffs and Defendant entered into an Exclusive License Agreement whereby Plaintiffs agreed to grant exclusive rights to Defendant in Plaintiffs' world-famous David the Gnome animated series. In exchange, Defendant agreed, among other things, to pay BRB $7,000,000 to underwrite the development and production of a new animated series based on the world-famous David the Gnome animated television series, and to pay Plaintiffs a percentage of the gross receipts from exploitation of the rights transferred to Defendant. Defendant further agreed to make a $1,750,000 minimum guaranteed payment upon delivery to Defendant of the copies of the original David the Gnome series episodes and made-for-television movies (the "Original Series"), and to keep confidential the terms of the Agreement unless Plaintiffs approved a press release. Subsequently, Plaintiffs completed delivery of the Original Series to Defendant and commenced work on the new series, with the approval of Defendant, and obtained financing in reliance on Defendant's contractual promises.

2. Defendant, however, has failed and refused to pay Plaintiff the minimum guaranteed payment and or to continue performing its obligations under the Agreement. Defendant also made unauthorized disclosures of the terms of the Agreement to the press and others, thereby violating its confidentiality commitments. Defendant also has effectively exclusive control over the Original Series and future development of David the Gnome properties, but has done and is doing nothing to commercialize or distribute the Original

Series or develop future David the Gnome properties, thereby depriving Plaintiff of any benefit of its bargain, and causing continuing harm to Plaintiff.

## THE PARTIES

3. Plaintiff BRB Internacional S.A. is a Spanish stock company with its principal place of business at Maria Tubau 8, 5° floor, 28050 Madrid, Spain.

4. Plaintiff Apolo Films SL is a Spanish Limited Liability Company with its principal place of business at Cortes de Navarra, 5, 1° derecha, 31002 Pamplona, Navarre, Spain.

5. Upon information and belief, Defendant The Weinstein Company LLC is a Delaware limited liability company with its principal place of business in New York at 375 Greenwich Street, 3rd Floor, New York, New York 10013.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction for Plaintiff's claim arises under 28 U.S.C. § 1332 because Plaintiffs are citizens and subjects of a foreign state and Defendant is a limited liability company with one or more members that are citizens of a State, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the forum as a result of business conducted within the State of New York and within the Southern District of New York. Additionally, Defendant

consented to the jurisdiction of this Court in the Exclusive License Agreement at issue in this proceeding.

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because Defendant consented to venue in this Court in the agreement at issue in this proceeding.

## FACTUAL ALLEGATIONS

9. On or about February 13, 2013, Plaintiffs and Defendant entered into an agreement (the Exclusive License Agreement) whereby Plaintiffs agreed to irrevocably grant to Defendant on an exclusive basis Plaintiffs' rights in each and every episode of the animated television series "David the Gnome" (a.k.a. "David el Gnomo") that aired in the United States beginning in 1987, including the spinoff series entitled "Wisdom of the Gnomes" and "The New World of the Gnomes" (collectively the Original Series) as well as each and every episode of the first season of a remake of the Original Series (the New Series) to be created and produced by Plaintiffs. The Original Series and the New Series are collectively referred to as the Property.

10. In the Exclusive License Agreement, Defendant agreed to pay the entire budget for Season One of the New Series up to $7,000,000 as follows: 25% within 20 days of Defendant's approval of the chain of title to the Property and completed delivery of the Original Series to Defendant ($1,750,000, known by the parties as the Deposit), and 75% within 20 days following Delivery of Season One of the New Series. Defendant further agreed to pay Plaintiffs a share of the gross receipts received by Defendant from exploitation

of the Property. Defendant approved a budget of $7,000,000 for the development of the New Series.

11. On June 8, 2015, because of delays in implementing the Exclusive License Agreement, Defendant agreed in writing to amend the Exclusive License Agreement to pay Plaintiffs 50% of the Deposit upon chain of title approval, and another 50% upon completion of delivery of the Original Series. Defendant acknowledged that it had approved the chain of title paperwork as of July 16, 2015. Plaintiffs provided the Original Series to Defendant promptly after Defendant executed the Exclusive License Agreement and diligently worked to remedy isolated technical issues identified by Defendant. Defendant approved delivery of all three seasons of the Original Series and the four made-for-television movies in an email on November 12, 2015.

12. Relying on Defendant's contractual promises and subsequent emails, Plaintiffs obtained financing from a Portuguese bank to permit it to begin creative development of the New Series and to purchase equipment and hire employees and consultants necessary to create and produce the New Series. Plaintiffs also sent draft creative materials and sketches to Defendant and received positive feedback.

13. The Exclusive License Agreement also contains an express restriction on disclosure of the terms of the Exclusive License Agreement, and further requires that the parties shall mutually approve any press release concerning the Exclusive License Agreement or the Property. Defendant breached this restriction by disclosing essential terms of the Exclusive License Agreement to the entertainment press, as evidenced by at least the

following articles: http://deadline.com/2015/05/spy-kids-david-the-gnome-reboot-weinstein-company-animated-tv-series-1201421512/ and http://www.rotoscopers.com/2015/05/13/the-weinstein-company-tv-announces-animated-shows-based-on-spy-kids-reboot-and-gnomes/

14. Defendant never made any of the promised payments, and has now refused to make any payments.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

15. Plaintiffs hereby incorporate the preceding paragraphs as if fully restated herein.

16. Plaintiffs performed under the Exclusive License Agreement by transferring all materials necessary to complete delivery of the Original Series, by confirming chain of title in the Property according to Defendants' requirements, and by beginning work on the New Series.

17. Defendant has breached the agreements between the parties by failing to pay Plaintiffs the Deposit in the amount of $1,750,000 and by failing to cooperate with Plaintiffs in the production of the New Series.

18. Defendant further breached the Exclusive License Agreement by making an unauthorized disclosure of essential terms of the Agreement to at least Deadline, an entertainment magazine.

19. As a result of Defendant's breaches, Plaintiffs have been injured and are entitled to recover direct and consequential damages in an amount to be determined at trial, but not less than $1,750,000.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Quantum Meruit)

20. Plaintiffs hereby incorporate the preceding paragraphs as if fully restated herein.

21. Plaintiffs, in good faith, performed under the Exclusive License Agreement and the subsequent amendments and provided the Property to Defendant as well as creative materials for production of the New Series.

22. Defendant accepted Plaintiffs' services and Property and accepted the creative material for the New Series.

23. Plaintiffs expected and have demanded compensation for the services and Property it provided to Defendant.

24. The reasonable value of the services and Property provided by Plaintiff is not less than $1,750,000 plus a continuing royalty based on the expected value of the exploitation of the Property.

25. To date, Defendant has not remitted any payments for Plaintiffs' services or the exploitation of the Property.

7

26. By reason of the foregoing, Plaintiffs have been damaged and are entitled to recover damages in an amount to be determined at trial, but not less than $1,750,000 plus a continuing royalty based on the expected value of the exploitation of the Property.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)

27. Plaintiffs hereby incorporate the preceding paragraphs as if fully restated herein.

28. Defendant accepted and benefitted from Plaintiffs' services and the delivery of the Property pursuant to the Exclusive License Agreement and the subsequent agreements between the parties.

29. Defendant has wrongfully failed to pay Plaintiffs for the services and the Property provided by Plaintiffs to Defendant.

30. Defendant has wrongfully refused to take action to exploit the Property received from Defendant and has wrongfully refused to return the Property to Defendant.

31. By reason of the foregoing, Plaintiffs have been damaged and are entitled to recover damages in an amount to be determined at trial, but not less than $1,750,000 plus a continuing royalty based on the expected value of the exploitation of the Property.

7899055.2

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Replevin)

32. Plaintiffs hereby incorporate the preceding paragraphs as if fully restated herein.

33. Defendant accepted and has wrongfully retained and refused to return the Property and related rights delivered to Defendant pursuant to the Exclusive License Agreement and the subsequent agreements between the parties.

34. Defendant has wrongfully failed to pay Plaintiffs for the services and the Property provided by Plaintiffs to Defendant.

35. Defendant has wrongfully refused to take action to exploit the Property received from Defendant and has wrongfully refused to return the Property to Defendant.

36. By reason of the foregoing, Plaintiffs have been damaged and are entitled to recover damages in an amount to be determined at trial, but not less than $1,750,000 plus an amount sufficient to compensate Plaintiff for the lost royalties it should have received from exploitation of the Property, as well as an order compelling Defendant to deliver up to Plaintiff all copies of the Property in Defendants' possession.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

a) on the First, Second, Third and Fourth Causes of Action, monetary damages in an amount to be determined at trial, and/or equitable compensation and awards determined by the Court, in an amount of at least $1,750,000, plus royalties and lost expected royalties,

together with interest, costs and disbursements, and attorneys' fees and expenses, as well as such other and further relief as this Court may deem just and proper;

    b)    on the First Cause of Action, ordering Defendant to pay Plaintiff damages for its lost profits arising from the damage to Plaintiffs' business reputation and future prospects caused by Defendant's breach of the confidentiality restriction in the Exclusive License Agreement.

    c)    On the Fourth Cause of Action, an Order directing Defendant to return and deliver up to Plaintiff all copies of the Property, and to certify that it will have no copies of the Property in its possession, custody or control after delivering up all copies of the Property to Plaintiff;

    c)    granting such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues so triable.

Dated: March 22, 2017
       New York, New York

CARTER LEDYARD & MILBURN LLP

By: _____
    John M. Griem, Jr.
Two Wall Street
New York, New York 10005
(212) 732-3200

*Attorneys for Plaintiffs*
*BRB INTERNACIONAL S.A. and*
*APOLO FILMS SL*

7899055.2