UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRB INTERNACIONAL S.A. and APOLO
FILMS SL,

                                Plaintiffs,

                -against-

THE WEINSTEIN COMPANY LLC,

                                Defendant.
-----------------------------------------------------------------X

**OPINION AND ORDER**

**17-cv-02065 (ALC) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      In this breach of contract action, Plaintiffs BRB Internacional S.A. ("BRB") and Apolo Films SL ("Apolo") contend that Defendant The Weinstein Company LLC ("TWC") breached a contract pursuant to which Plaintiffs granted to TWC certain rights in and to an animated television series. TWC seeks permission to join Novo Banco, S.A. Sucursal en España ("Novo Banco") as a required party under Federal Rule of Civil Procedure 19 ("Rule 19") because BRB assigned its rights under the contract to Novo Banco and Novo Banco has demanded that TWC pay it rather than BRB in connection with the alleged breach of the contract. Plaintiffs do not oppose the motion. For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

      TWC and Plaintiffs entered into a February 13, 2015 Agreement ("the Agreement") whereby TWC was licensed certain rights in and to an animated television series entitled "David the Gnome." (Doc. No. 1, Complaint ¶ 9.) Plaintiffs contend that TWC owes them $1.75 million under the Agreement (which TWC disputes), and BRB invoiced TWC for that amount in late

1

2015. Shortly after demanding payment for the alleged breach, BRB entered into an agreement with Novo Banco pursuant to which BRB allegedly assigned its rights under the Agreement to Novo Banco. Accordingly, Novo Banco has asserted that it has the sole right to the alleged debt of $1.75 million and has threatened litigation if TWC does not make payment directly to Novo Banco.

## LEGAL STANDARD AND ANALYSIS

Rule 19(a) provides that any "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined" where "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; *or* (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a) (emphasis added). *See also Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 48 (2d Cir. 1996).

There is no, nor can there be any, dispute that Novo Banco has claimed an interest in this action. Novo Banco has claimed that TWC owes it, and not BRB, the $1.75 million that BRB seeks in this action and has threatened litigation to recover the alleged debt. This satisfies the claimed-interest requirement of Rule 19. *See, e.g.*, *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 131 (2d Cir. 2013); *Ente Nazionale Idrocarburi v. Prudential Sec. Group, Inc.*, 744 F. Supp. 450, 456-58 (S.D.N.Y. 1990); *Pay Tel Sys., Inc. v. Seiscor Techs., Inc.*, 850 F. Supp. 276, 278 (S.D.N.Y. 1994) ("Where complete assignments have been made, the assignee is the real party

in interest and a necessary party under Fed. R. Civ. P. 19.").

Additionally, TWC faces a substantial risk of incurring double or inconsistent obligations because of Novo Banco's asserted interest in the debt and threat to sue TWC to recover it. This is the type of situation Rule 19 is intended to avoid. *See, e.g., First Am. Int'l Bank v. Cmty.'s Bank*, 771 F. Supp. 2d 276, 284 (S.D.N.Y. 2011) (stating that absent party is necessary when there is a showing of substantial risk of the absent party suing, sanctioning, or in any other way subjecting the moving party to inconsistent obligations); *Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701, 708-09 (S.D.N.Y 1997) (finding that the risk of having another court re-decide a party's rights and obligations under a contract "is precisely what Rule 19 seeks to avoid").[1]

Finally, joinder is feasible here because (i) Novo Banco is subject to service of process and (ii) joinder will not deprive the Court of subject matter jurisdiction.

First, Novo Banco is subject to service of process because it is a Portuguese corporation and, as provided on the U.S. Department of State's website, Portugal is a signatory to the Hague Convention. *See Tansy v. N. Pac. Ins. Co.*, No. 04-cv-6375 (AA), 2005 WL 1334546, at *4 (D. Or. 2005) (noting party is subject to service of process if otherwise subject to personal jurisdiction in the district, and located in a signatory to the Hague Convention); Portugal, Travel.State.Gov (Nov. 15, 2013), https://travel.state.gov/content/travel/en/legal-

---

[1] The Court notes that if a judgment for TWC here would preclude a later lawsuit by Novo Banco against TWC, then Novo Banco is a necessary party here under Rule 19(a)(1)(B)(i) (as opposed to 19(a)(1)(B)(ii)) because disposing of the lawsuit in its absence as a practical matter would impair or impede Novo Banco's ability to protect its interest. *See, e.g., Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 141 (2d Cir. 2002) ("If the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a).").

considerations/judicial/country/portugal.html.  Additionally, the Agreement pursuant to which Novo Banco is demanding payment contains a forum selection clause under which the parties agreed "that the State and Federal courts in the State of New York shall have personal jurisdiction over them."  Thus, any action by Novo Banco to enforce its purported rights would have to be brought in this District, and it must be deemed to have consented to personal jurisdiction here.  *See, e.g.*, *Curran Co. v. Imedco GmbH*, No. 91-cv-7938, 1992 WL 370237, at *3 (N.D. Ill. 1992) (foreign corporation subject to personal jurisdiction based on assignment of benefits under contract with forum-selection clause).

Second, joinder will not destroy subject matter jurisdiction under 28 U.S.C. § 1332.  Plaintiffs are citizens and subjects of a foreign state, as is Novo Banco, whereas TWC is a U.S. entity.  Thus, complete diversity of citizenship will still exist following Novo Banco's joinder as a plaintiff in this case. 28 U.S.C. § 1332(a)(2).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Join Novo Banco as a Required Party Plaintiff is GRANTED.  Within 30 days of this Order, Plaintiffs are directed to join Novo Banco as a plaintiff or advise the Court if Novo Banco refuses to join, at which point the Court will order that it be joined as an involuntary plaintiff pursuant to Rule 19(a)(2).

**SO ORDERED.**

Dated: February 27, 2018
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge